# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**ALBERT CHARLES SMITH**                                                                **Plaintiff**

**VERSUS**                              **CIVIL ACTION NO.: 2:05CV92-NBB-EMB**

**CORRECTIONS CORPORATION OF
AMERICA, DIANE CAMPBELL &
JIM COOKE**                                                                              **Defendants**

## REPORT AND RECOMMENDATION

**BEFORE THE COURT** are Defendants' Motion for Summary Judgment [dckt. no. 22] and supporting Memorandum of Authorities [dckt. no. 23]. This matter has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) for review and issuance of a report and recommendations. Having considered the record and applicable law, I find and recommend as follows.

## Facts

Plaintiff, an inmate in the custody of the Hawaii Department of Corrections (HDOC), and currently housed at the Tallahatchie County Correctional Facility (TCCF) in Tutwiler, Mississippi, filed this suit pursuant to 42 U.S.C. § 1983 on May 12, 2005. Plaintiff alleges the above named defendants violated his constitutional right "to obtain funds from ... [his] ... account." Complaint at p. 4. Plaintiff further alleges that as a result of defendants' "actions," his personal property was "forfeited." *Id.* at p. 4-5.

On December 30, 2004, plaintiff submitted a withdrawal form requesting that the TCCF Business Office send a money order to Hy-Pac Self Storage, 2150 North Nimitz Hwy, Honolulu,

HI 96819 in the amount of $365.00. Complaint at p. 9. Plaintiff indicated that he would lose all of his property if his bill was not paid at once. *Id.* Pursuant to the HDOC Policy and Procedure regarding inmate trust accounts, inmates may request in writing that funds be withdrawn from their account to pay for charges incurred for the following items: phone time, sick call, legal copies, postage, magazine and or cd's from vendors. *See* Affidavit of Diane Campbell.[1] Anything other than these items require the inmate request in writing and receive prior approval from the HDOC contract monitor and said approval or denial along with the inmate request form be forwarded to the business office at TCCF. *Id.* Only then may TCCF release funds. *Id.* On March 17, 2005, the Warden at TCCF, Jim Cooke, notified plaintiff by letter of the appropriate steps to take and that it was his responsibility to get prior approval for withdrawals from HDOC before TCCF could withdraw funds from his inmate account. Complaint at p. 18. Plaintiff did not resubmit his request to HDOC. *See* Affidavit of Diane Campbell.

In a document entitled "Statement of the Case," filed on August 25, 2005, plaintiff makes allegations of defendants' personal involvement. [dckt. entry no. 13]. Plaintiff states he sued Corrections Corporation of America (CCA) "for failing to ensure that training its' [sic] employees to handle inmate accounts professionally, [sic] and soundly." Next, plaintiff states he sued Diane Campbell "for not following orders of the contract monitor to disperse ... [his] ... funds to pay ... [his] storage fee." Lastly, he sued Jim Cooke "for ... not establishing an effective policy of ensuring inmate financial affairs are being attended to."

Defendants filed the instant motion for summary judgment on January 30, 2006. As of

---

[1]Attached to the motion for summary judgment as Exhibit #2 was the unsworn Affidavit of Diane Campbell. Defendants filed of sworn copy of Campbell's Affidavit on February 2, 2002 [dckt. no. 24].

this date, plaintiff has failed to respond to defendants' motion or request additional time to do so.

**Summary Judgment Standard**

Summary Judgment is appropriate under Rule 56 when " . . . the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Lujan v. National Wildlife Federation*, 497 U.S. 871, 110 S.Ct. 3177, 3189, 111 L.Ed.2d 695 (1990). To that end, the court must "view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Wyatt v. Hunt Plywood*, 297 F.3d 405, 409 (5th Cir.2002). Where the record taken as whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Washington v. Allstate Ins. Co.*, 901 F.2d 1281 (5th Cir.1990).

The court resolves factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. The court does not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts. *See Lujan*, 110 S.Ct. at 3188. Summary judgment is appropriate in any case "where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Armstrong v. City of Dallas*, 997 F.2d 62 (5th Cir.1993). If the nonmoving party fails to meet this burden, the motion for summary judgment must be granted. *See Evans v. City of Bishop*, 238 F.3d 586, 588-89 (5th Cir.2000).

**Analysis**

In a § 1983 action, the plaintiff must establish that a person acting under color of state law deprived him or her of a federal constitutional right. 42 U.S.C. § 1983; *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980); *Sykes v. James*, 13 F.3d 515, 519 (2d Cir.1993). Section 1983 does not create any federal rights on its own, but rather enforces rights established under the Constitution, laws, or treaties of the United States. *Sykes*, 13 F.3d at 519.

Based on the summary judgment evidence of record, I conclude that plaintiff has failed to establish any claim under § 1983, and defendants are entitled to judgment as a matter of law.

As an initial matter, "[p]ersonal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381 (5th Cir.1983). Each defendant must either actively participate in the acts complained of or implement unconstitutional policies that result in injury. *Mouille v. City of Live Oak, Texas*, 977 F.2d 924, 929 (5th Cir.1992). Liability based on one's supervisory capacity exists if the supervisor is personally involved in the constitutional deprivation or a sufficient causal connection exits between the supervisor's wrongful conduct and the constitutional violation. *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir.1987). Supervisory liability exists even without overt personal participation in the offensive act if the supervisor implements "a policy that is 'itself [ ] a repudiation of constitutional rights' and [is] 'the moving force of the constitutional violation." ' *Oliver v. Scott*, 276 F.3d 736 (5th Cir.2002) (quoting *Grandstaff v. City of Borger*, 767 F.2d 161, 169-70 (5th Cir.1985)).

Based on the foregoing, CCA, a corporate entity, is not a proper party to this action and should be dismissed. Moreover, plaintiff has failed to allege any personal involvement on the part of Jim Cooke. Plaintiff's allegation that Cooke *failed* to establish effective policies for the

attendance of inmate financial affairs, does not amount to personal involvement in the alleged deprivation, i.e., wrongfully denying a dispersement from plaintiff's inmate account. Accordingly, plaintiff's claim against Defendant Cooke should be dismissed as well.

Finally, plaintiff's claim against Defendant Campbell simply does not state a claim of constitutional magnitude. Though, funds in an inmate's account are a protected property interest, *See Quick v. Jones*, 754 F.2d 1521, 1523 (9th Cir.1985); *Campbell v. Miller*, 787 F.2d 217, 222 (7th Cir.), cert. denied, 479 U.S. 1019, 107 S.Ct. 673, 93 L.Ed.2d 724 (1986), plaintiff is not claiming he was deprived of his funds (they never left his account). To the contrary, plaintiff is distraught because he was not allowed to spend the funds in his account as he would have liked. Plaintiff wanted Campbell to make a payment from his inmate account to a private third-party in Hawaii to prevent the forfeiture of his personal property. An inmate has no constitutionally protected right to have prison officials manage his personal business affairs outside the prison facility. The intent of an inmate spending account is to allow inmates access to funds to provide for their personal needs (commissary, magazines, etc.) as allowed by the prison facility. Prisons are not in the business of taking care of inmates' banking needs. And, in this case, it is clear plaintiff lost his property because he failed to follow the proper procedures of which he had adequate notice. Ultimately, it is the private storage facility that destroyed or sold his property, not defendants.

**Recommendation**

Based on the foregoing, it is recommended that Defendants' Motion for Summary Judgment be granted and that this case be dismissed with prejudice.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any

party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within ten days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this, the 13th day of March, 2006.

/s/ Eugene M. Bogen
**U. S. MAGISTRATE JUDGE**